NO. 8613

COURT OF APPEAL

PARISH OF ORLEANS

MRS. ALFRED ARDLEY

versus

MAURICE J. PITTMAN

Court of Appeal,
Parish of Orleans
1/9/23
H. Stansbury

346

Dinkelspiel; J.

This suit is for the recovery of the sum of $150.00.

Plaintiff alleges that xxxshe was employed by the defendant to sell his property, No. 8429 Hickory Street in the city of New Orleans, for the price and sum of Five Thousand Dollars, and that said contract of employment which was signed by the defendant, appointed plaintiff the exclusive agent for the sale of said property, until the revocation of the said contract, which revocation under its terms must be by a written sixty days notice; and alleging further that defendant did not revoke said contract, and whilst said contract was in existence, and in violation of its terms defendant sold said property for the sum of Five Thousand Dollars, without paying plaintiff the aforesaid three per cent commission, which amounts to $150.00, and for which defendant is liable.

To this petition there was filed an exception of no cause or right of action. Same being overruled, defendant answers denying admitting his signature to the document in question, but denies that the words "or to any other party" were in said document when he signed it and that said words were inserted after he had signed it, without defendant's knowledge or consent. Further avers that by verbal orders of defendant he instructed plaintiff not to sell the property and cancelled the said contract.

The issues presented are two-fold; first, were the words "or to any other party" inserted in the contract at the time same was signed by the defendant.

The contract reads as follows:

"I want you to sell my property 8429 Hickory near Joliet, for the sum of Five Thousand Dollars or any less amount agreed upon, and do now authorize you as my exclusive agent to make the sale and to accept a deposit of ten per cent of the xxxpxxx purchase price. I agree should you find a buyer or should the property be sold within sixty days after this contract expires, to any party solicited by you,/to pay your commission of three per cent on sale price xxxtxxxnyxxxherxpxxtyx whether title is accepted or rejected by purchaser. This con-

or any other party

347

tract may be revoked by sixty days written notice.

(Signed) M. J. Pittman
8429 Hickory St.
New Orleans, July 27, 1921."

The main portions of the contract are in typewriting, save and ex-
cept the location of the property, the amount, Five Thousand Dol-
lars, three per cent, and after the words "solicited by you" there
is "or to any other party".

The second defense to this petition, that the revocation
of said contract, if any, was to be given plaintiff in writing.

The evidence is conflicting, particularly as to the
words in said contract "or to any other party". Plaintiff swears
that these words were inserted at the time the contract was signed
by the defendant, whilst on the contrary, the defendant and his
wife both positively swear that when the contract was left at
defendant's residence it had not been signed and was kept at
the residence for several days before it was signed sent back
to plaintiff, and both defendant and his wife swear that they
had examined the contract and that the words "or to any other party"
were not inserted and were not in the contract at the time de-
fendant signed it.

There are therefore two witnesses against plaintiff,
and they both positively swear that the words were not in the
contract at the time same was signed.

A careful examination of this record has convinced us
that these words "or to any other party" were not in the contract
at the time of signature, hence defendant sold his property, had
a right under the contract, without these words, to sell it with-
out paying the commission.

We do not believe that the verbal withdrawal from said
contract could have effect, it required the written notice of
sixty days to be given to plaintiff, and this was conceded not
to have been done, but it is immaterial whether it was or not,
defendant had a right to sell his property without paying the
commission;whether he gave written or verbal notice is immater_

ial.

Plaintiff must make her claim certain. To make it probable will not be sufficient.

It has been held by this Court:

"A broker is not entitled to commissions when he has not brought the vendor and the purchaser together, or his efforts have not been the procuring cause of the sale. In the absence of an agreement to the contrary the principal is xxx at liberty to sell the property by his own efforts, notwithstanding the employment of the broker."

James A. Brennan vs. H. M. Ansley et als. 3 Ct. of Appeal, 304.

Gottlieb vs. Walsh, No. 2259 of the docket of the Court of Appeal, the Court held:

Plaintiff did not bring the purchaser and vendor together and his right to sell was not exclusive; hence he cannot recover.

In the case of Freeman vs. Diboll, 11 Ct. of Appeal, page 199, it was held:

When the contract of a real estate broker confers upon him the exclusive agency to sell the property and negatives the right of the owner to sell or negotiate for its sale, the broker is entitled to his commission, if during the time of the contract a sale is effected by the owner or by another broker on the latter's behalf.

Also see Kostmayer vs. Landry, 12 Ct. of Appeal 385.

Upon the whole we are convinced that defendant had a right to sell his property; he did so; and therefore under the contract as we interpret it, plaintiff is not entitled to any commissions claimed by her.

For the reasons assigned, it is ordered, adjudged

and decreed that the judgment of the court aquo be and the same is hereby affirmed, costs of both courts to be paid by the plaintiff.

-Judgment affirmed-